IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TIAA-CREF Individual & Institutional Services, LLC** § § § § | | |
| **Plaintiff,** § | | |
| v. § | CASE NO. 4:20-CV-0917 | |
| § | | |
| **David Ahlquist** § | | |
| § | | |
| **Defendant.** § | | |

## O R D E R

Pending before the Court is Defendant David Ahlquist's Motion to Dismiss. **(Instrument No. 11)**

### I.

This case involves a claim for breach of contract between the Plaintiff TIAA-CREF Individual & Institutional Services, LLC ("Plaintiff") and Defendant David Ahlquist ("Defendant"). This action was filed by the Plaintiff to obtain an order for injunctive relief. TIAA employed the Defendant in 2005. (Instrument No. 1 at 2). On December 15, 2011, Defendant signed a Confidentiality and Non-Solicitation Agreement (the "Agreement") with Plaintiff. *Id.* Both the Plaintiff and Defendant operate under the Financial Industry Regulatory Authority ("FINRA") Code, which requires FINRA members and associated persons to resolve disputes through arbitration. (Instrument No. 11 at 6).

On May 28, 2019, Defendant terminated his affiliation with Plaintiff. *Id.* at 3. Defendant is now an advisor with Raymond James & Associates, Inc. ("Raymond James") *Id.* On June 10, 2019, Plaintiff's counsel sent the Defendant a copy of his Non-Solicitation Agreement and demanded that Defendant not initiate contact with any of Plaintiff's clients. *Id.* On June 13,

2019, Plaintiff's counsel sent a copy of the Agreement to Defendant's new employer and demanded that Raymond James ensures that Defendant stays in compliance with the Agreement. *Id.* In response, Raymond James stated that Defendant would refrain from making announcement calls. *Id.* However, Plaintiff alleges that Defendant continued soliciting Plaintiff's clients. *Id.* at 4. Plaintiff alleges that clients who were formerly serviced by the Defendant have transferred almost $40 million from TIAA to Raymond James. *Id.*

On March 12, 2020, Plaintiff filed a complaint against the Defendant requesting preliminary injunctive relief based on breach of contract and misappropriation of trade secrets. (Instrument No. 1).

On March 12, 2020, the Plaintiff also filed a motion to expedite discovery. (Instrument No. 3). On May 18, 2020, Defendant filed a brief in opposition to the Plaintiff's motion to expedite discovery. (Instrument No. 12). On May 24, 2020, this Court granted the Plaintiff's motion to expedite discovery. (Instrument No. 16).

On May 18, 2020, the Defendant filed a motion to dismiss or in the alternative, motion to compel arbitration. (Instrument No. 11). On June 8, 2020, Plaintiff filed a response in opposition to Defendant's motion to dismiss or in the alternative, motion to compel arbitration. (Instrument No. 22).

**II.**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation omitted). A district court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on any one of three separate bases: (1) the complaint alone, (2) the

complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

In examining a Rule 12(b)(1) motion, courts are empowered to consider matters of fact which are in dispute. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (when determining jurisdiction, district court may hear conflicting written and oral evidence and decide for itself the factual issues). Any uncontroverted facts in the complaint must, however, be accepted as true. *See Gaubert v. United States*, 885 F.2d 1284, 1285 (5th Cir. 1989), *rev'd on other grounds*, 499 U.S. 315 (1991). The court must also construe the complaint broadly and liberally, although argumentative inferences favorable to the pleader will not be drawn. *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

When a Rule 12(b)(1) is filed in conjunction with other Rule 12 motions, the court should usually consider the Rule 12(b)(1) jurisdictional issues before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. This prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because of lack of subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Ramming*, 281 F.3d at 161.

**III.**

The Defendant seeks a dismissal of Plaintiff's complaint. Defendant asserts that the complaint is an attempt to extend the term of the covenants in Defendant's Non-Solicitation Agreement, which expired on May 26, 2020. (Instrument No. 11 at 6). Defendant argues that dismissal is proper because once the covenants within the Agreement expire, the Court cannot grant injunctive relief. *Id*. at 11. The Defendant also seeks a motion to compel arbitration as an alternative to the motion to dismiss. *Id.* at 14. Defendant contends that his motion to compel should be granted because the FINRA rules are directly at issue and the parties are already addressing these issues through arbitration. *Id.* at 16-21. In response, Plaintiff argues that Defendant's motion should be denied because courts have issued preliminary injunctive relief to preserve TIAA's confidentiality rights and trade secrets pending FINRA arbitration. (Instrument No. 22 at 3).

**A.**

The Plaintiff's complaint for injunctive relief against the Defendant is based on two claims. (Instrument No. 1). One claim is for breach of contract and the other is for misappropriation of trade secrets. *Id.* at 4-5. Defendant alleges that Plaintiff filed its complaint for injunctive relief based on FINRA Arbitration Rule 13804 solely to pursue depositions to which it would not be entitled to in FINRA. (Instrument No. 11 at 10). Defendant also asserts that Plaintiff's complaint is moot because the Agreement's non-solicitation covenant expired on May 26, 2020. (Instrument No. 11 at 11). The Defendant cites Texas law to support their argument that the provision in the agreement that extends the term of his non-solicitation covenant is unenforceable. *Id.* at 13. Defendant alleges that because the terms of the extension provision are indefinite and vague, Texas law dictates that the provision is unenforceable and

thus, the restrictions cannot be extended. *Id.* at 14. Based on these contentions, Defendant asserts that his motion to dismiss pursuant to Rule 12(b)(1) should be granted.

Under Rule 13804 of the FINRA Arbitration Code, parties to a pending arbitration may seek temporary injunction in district court. *See* FINRA Arbitration Code Rule 13804. The provision specifically states:

> In industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction. Parties to a pending arbitration may seek a temporary injunctive order from a court of competent jurisdiction even if another party has already filed a claim arising from the same dispute in arbitration pursuant to this paragraph, provided that an arbitration hearing on a request for permanent injunctive relief pursuant to paragraph (b) of this rule has not yet begun.

FINRA, Rule 13804 (2017). Here, it is clear that Plaintiff may seek injunctive relief pursuant to Rule 13804 of FINRA Code. The provision delineates the Plaintiff's right to obtain a temporary injunctive order while arbitration is pending. Defendant's argument against the injunction directly contradicts the provision. Furthermore, Defendant fails to address Plaintiff's claims for breach of contract and misappropriation of trade secrets within his motion. (Instrument No. 11). For a 12(b)(1) dismissal to succeed, it must be clear that Plaintiff cannot prove any set of facts support its claim that would entitle Plaintiff to relief. *Ramming*, 281 F.3d at 161. However, by failing to address the merits of Plaintiff's claims for breach of contract and misappropriation of trade secrets, the Defendant fails to demonstrate that Plaintiff's Complaint does not contain facts to support its claim as required under 12(b)(1).

Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(1) is DENIED.

**B.**

Defendant also seeks a motion to compel arbitration as an alternative to the motion to dismiss. (Instrument No. 11 at 14). Defendant argues that the Federal Arbitration Act ("FAA"),

5

9 U.S.C. §§ 1 et seq., provides emphatic policy in favor of arbitral dispute resolution, and the Court should direct the parties to resolve their dispute before FINRA. *Id.* at 15. Defendant accuses the Plaintiff of seeking injunctive relief in bad faith. *Id.* at 17. Defendant states the Plaintiff's intention is to use discovery from this Court action in the FINRA arbitration and to "unilaterally extend the expiring covenant in the Agreement." *Id.* In response, Plaintiff requests that Defendant's motion to compel be denied because Plaintiff has a right to injunctive relief and discovery, both of which Defendant expressly consented to in his Agreement. (Instrument No. 22 at 8-11).

9 U.S.C. § 4 delineates when a petition to a United States district court seeking to compel arbitration is appropriate. The provision specifically states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4. Here, the provision clearly states that a party aggrieved by failure, neglect, or refusal to arbitrate under a written agreement may petition the court for an order to compel arbitration. In this case, Defendant is not a party that has been aggrieved by failure, neglect, or refusal to arbitrate. In fact, Plaintiff has agreed to arbitrate the merits of the dispute and has filed an arbitration action under FINRA Code. (Instrument No. 11 at 7). Therefore, Defendant's motion should be denied with prejudice to reurging at the conclusion of these injunction proceedings.

Accordingly, Defendant's motion compel arbitration in the alternative is DENIED.

**IV.**

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss or in the alternative, motion to compel arbitration is **DENIED. (Instrument No. 11).**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the __7th__ day of August, 2020.

*[signature]*

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**